```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

SCOTT ALAN SCHILD,            )
                              )
                Plaintiff,    )
                              )
     v.                       )    No. 13 C 245
                              )
WARDEN LINAWEAVER, et al.,    )
                              )
                Defendants.   )

MEMORANDUM ORDER

Because of the possibility that some case assigned to this Judge's calendar may inadvertently slip between the cracks in a figurative sense by not having a next date assigned to it,[1] this Court sometimes (though at widely separated intervals) undertakes the arduous task of going through its entire calendar case by case. Such a procedure has just been completed, and that vetting has revealed that this action indeed falls in that no-next-date category.

Less than ten days after Scott Alan Schild ("Schild") had filed a self-prepared motion under 28 U.S.C. §2241 ("Section 2241"), this Court issued a brief January 22, 2013 memorandum order, a copy of which is attached. As that order reflects, it called on Schild to provide some supplemental information needed to explain his requested relief, while at the same time it asked for some input from the United States Attorney's office. Neither

---

[1] Even with the most careful monitoring, that can regrettably happen in a calendar that comprises cases numbering in the hundreds.

side responded at all, so that this Court's failure to follow through on the matter was the consequence of its not having included the case on its regularly maintained list of matters calling for some follow-up inquiry.

In it unclear whether the silence that has descended in this case (on both sides of the "v." sign) reflects that the problem identified by Schild--or perhaps more accurately not identified by Schild--has been resolved.  But in any event both Schild and the United States Attorney's office are reminded once again that each owes this Court a response.  In the absence of any further input received in this Court's chambers on or before April 29, 2013, this action will simply be dismissed without prejudice.

_____
  Milton I. Shadur
  Senior United States District Judge

Date:  April 18, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT ALAN SCHILD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13 C 245 |
| | ) |
| WARDEN LINAWEAVER, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Scott Alan Schild ("Schild") has used the printed form of Petition for Writ of Habeas Corpus ("Petition") made available by the Clerk's Office for persons in federal custody to file what he labels as "Motion Under 28 U.S.C. § 2241," completing the form with handprinted inserts. This memorandum order is prompted by some questions about that pleading.

To begin with, Petition ¶¶ 1 through 4 reflect that Schild was sentenced on May 17, 2012 by the United States District Court for the Central District of Illinois to a 24-month term for:

> Violation of Probation, Possession of a Controlled Substance (Cocaine and Marijuana).

But then Petition ¶ 11 states that Schild is challenging "the execution of the sentence by the Bureau of Prisons, Warden Linaweaver, and members of the Unit Team including Michael Wright and K. Moore," and the Petition lists his address as the Chicago Metropolitan Correctional Center (Warden Linaweaver's location).

There are several matters that the Petition does not make clear. For one thing, no explanation is provided as to how and under what circumstances the case was transferred from

the Central District of Illinois to this Northern District (something that might affect where the Petition should be dealt with). Relatedly, Petition ¶ 12(A) refers to events between the year 2009 and March 2012 as a period during which Schild was on probation, even though Petition ¶ 2 reports May 17, 2012 as the date of Schild's judgment of conviction. But most significant in terms of enabling this Court to consider and resolve the case is Schild's reference in Petition ¶ 12(A) to his having exhausted all administrative remedies by filing BP-8, BP-9, BP-10 and BP-11 -- forms with which this Court has no familiarity.

To enable this Court to consider and decide this case, Schild is ordered to supplement the Petition with photocopies of each of those BP forms and the responses that he received. In the meantime, because it is unclear from Schild's filing whether the halfway house assignment that he is seeking is a matter of right or a matter that is within the Bureau of Prisons' discretion, a copy of this memorandum order is being transmitted to the United States Attorney's Office for this district with a request that some responsive input be provided on or before February 12, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 22, 2013