IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT ALAN SCHILD,               )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No.  13 C 245
                                 )
WARDEN LINAWEAVER, et al.,       )
                                 )
          Defendants.            )

## MEMORANDUM ORDER

For some inexplicable reason a breakdown--or perhaps more accurately an actual gap--exists in the United States Attorney's Office's processing of at least some post-conviction efforts by pro se prisoners. In this instance that problem necessitated no fewer than three proddings by this Court (by its memorandum orders issued January 22, April 18 and May 2) to cause the government to do what it should automatically have done in the first instance: respond to the Petition filed by Scott Alan Schild ("Schild") under the claimed auspices of 28 U.S.C. §2241 ("Section 2241"). But the third time has proved the charm, for on May 8 Assistant United States Attorney Shoba Pillay (who had finally been assigned to the case) filed a careful and thorough "Government's Response to Petitioner's Motion under Title 28, United States Code, Section 2241."

That submission, after initially explaining how (though not why) the systemic internal breakdown had occurred, walked meticulously through Schild's requests for an administrative

remedy that would give him the results that he now seeks through this lawsuit.  It explained (with a comprehensive set of attached exhibits supporting that and every other aspect of the government's presentation) that the time interval between his arrival at the Chicago Metropolitan Correctional Center ("MCC") in June 2012[1] and his projected release date in January 2014 did not provide sufficient time for the completion of the Bureau's Residential Drug Abuse Program, so that favorable consideration could not be given to Schild's requested transfer to a prison that offers that program.[2]

Schild refused to take "no" for an answer, filing two levels of administrative appeals from that ruling.  Several months passed without a decision on his top-level administrative review effort, and this lawsuit ensued.  Then just this week (on May 7, 2013)--almost four months after Schild's Section 2241 Petition was filed in this District Court--a response came from a National

---

[1] Schild had been convicted on drug charges in the United States District Court for the Central District of Illinois.  That sentence--ultimately reduced to 140 months' custody--had led to the completion of that sentence and commencement of his supervised release in September 2009.  Then in May 2012 supervised release was revoked and he was sentenced to another 24 months in prison, to be followed by a new 18-month supervised release term.  That latter sentence was what led to his designation as an MCC inmate.

[2] It is worth noting that Schild had once before been approved for participation (and had in fact participated) in that program, a fact that lends credence to the explanation that the problem this time was indeed the one just referred to in the text of this opinion.

Inmate Appeals administrator that (1) affirmed the denial of Schild's request, (2) explained again why he would not be transferred to a prison with a Residential Drug Abuse program but (3) stated that Schild <u>would</u> be permitted to participate in a Residential Reentry Center Program (more commonly referred to as a "halfway house") beginning September 4, 2013.

What all of this comes down to is that Schild's current request, which really seeks halfway house treatment before his ultimate release date (which, remember, is scheduled for January 28, 2014), has been satisfied, though it will not last for the full six months that he says is customary and that he would like to receive. But the short answer on that score is that, as with virtually all matters having to do with the service of federal criminal sentences, the Bureau of Prisons is the decisionmaker and is given extremely broad discretion in all respects. Most particularly, while the duration of halfway house assignments has been specified by a 2008 amendment to 18 U.S.C. §3624(c)(1) to last a <u>maximum</u> of 12 months, both the statutory language and caselaw make it plain that the specifics of halfway house treatment (including the actual term selected) are always within the broad discretion granted to the Bureau of Prisons (see also 18 U.S.C. §3621(b)).

In summary, the Bureau of Prisons' determination that Schild is to get halfway house placement for about a month less than the

six-month period that he has sought in this lawsuit cannot be found to be either arbitrary or lacking in rational basis or contrary to the statutory requirements. And that being so, the government is correct in urging that Schild's current motion should be dismissed as moot. This Court so orders.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: May 10, 2013

---

[3] This Court would feel itself delinquent if it failed to remark on the timing revealed here. It would seem extraordinarily serendipitous for the decision on Schild's Central Office Administrative Remedy appeal, after having been pending without decision since late September of last year and for nearly four months after Schild filed this action (to say nothing of this Court's three recent proddings), to have finally produced a decision on May 7, just three days ago. Although "better late than never" is scarcely a comforting aphorism, Schild may be entitled to some sense of satisfaction that his pro se efforts at least appear to have generated relief.